UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : No. 3:21-CR-340
v. :
:
JULIAN J. LEVONS, :
         Defendant :

INDICTMENT

THE GRAND JURY CHARGES:

FILED
SCRANTON
NOV 02 2021
PER _____
DEPUTY CLERK

COUNT 1
Wire Fraud Conspiracy
18 U.S.C. § 1349

I. Introduction

At times material to the Indictment:

Relevant Individuals and Entities

1. Defendant JULIAN J. LEVONS and his spouse, Tanya Levons, resided in or about Henryville, Monroe County, within the Middle District of Pennsylvania.

2. Levons Rental was an unincorporated entity owned and controlled by JULIAN J. LEVONS and Tanya Levons.

3. Branch Property was an unincorporated entity owned and controlled by Tanya Levons and JULIAN J. LEVONS.

1

4.  Corporation #1 was a limited liability company incorporated in the Commonwealth of Pennsylvania, with a business address located in Tobyhanna, Pennsylvania, within the Middle District of Pennsylvania. Corporation #1 was incorporated on or about October 12, 2018, and was owned and controlled by Individual #1, a resident of Tobyhanna, Pennsylvania.

5.  Bank #1 was a was a federal credit union headquartered in Vienna, Virginia, and whose deposits were insured by the National Credit Union Administration.

6.  Bank #2 was a financial institution insured by the Federal Deposit Insurance Corporation and headquartered in San Antonio, Texas.

7.  Bank #3 was a financial institution insured by the Federal Deposit Insurance Corporation and headquartered in Charlotte, North Carolina.

8.  The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA included maintaining and strengthening the nation's economy by enabling the establishment and viability of small businesses and by

2

assisting in the economic recovery of communities after disasters. As part of those efforts, the SBA enabled and provided for loans with government-backed guarantees to small business owners through financial institutions and other lenders. The SBA also provided direct loans.

### The Economic Injury Disaster Loan Program

9. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in March 2020 that provided emergency financial assistance to millions of Americans suffering financial difficulties from the economic impact of the COVID-19 pandemic. One source of relief provided by the CARES Act was the expansion of an existing disaster-related program – the Economic Injury Disaster Loan ("EIDL") – to provide low-interest financing (including forgivable $10,000 advances) to small businesses and other eligible entities. The CARES Act authorized the SBA to provide EIDL loans to eligible small businesses experiencing substantial financial disruption resulting from the COVID-19 pandemic.

10. To obtain an EIDL loan, a qualifying business was required to submit an application directly to the SBA and provide information about the business's operations, such as the number of employees, gross

3

revenues for the 12-month period preceding the disaster, and cost of goods sold in the 12-month period preceding the disaster. In the case of EIDL loans for COVID-19 relief, the 12-month period was the 12-month period from January 31, 2019, to January 31, 2020. The applicant was also required to certify that all of the information in the application was true and correct to the best of the applicant's knowledge.

11. EIDL loan applications were submitted directly to the SBA and processed by the agency with support from a government contractor. The amount of the loan, if the application was approved, was determined based, in part, on the information provided by the applicant about employment, revenue, and cost of goods sold. Any funds issued under an EIDL loan were issued directly by the United States Treasury.

12. As a general matter, EIDLs carried interest rates of 3.75% for for-profit corporations and 2.75% for non-profit corporations. The first payment on an EIDL loan was deferred for 12 months.

13. EIDL proceeds could only be used to pay fixed debts, payroll, accounts payable and other bills that could have been paid had the disaster not occurred; however, such loan proceeds were not intended to replace lost sales or profits or for expansion of a business. Moreover,

EIDL proceeds could not be used to "[r]efinance indebtedness which you incurred prior to the disaster event." 13 C.F.R. § 123.303(b)(1).

## II. Objects of the Scheme to Defraud

14. The objects of the scheme were for JULIAN J. LEVONS and his coconspirators to enrich themselves and to refinance pre-existing debts at a lower interest rate, by fraudulently obtaining EIDL funds through misrepresentations and false documentation.

## III. Statutory Allegations

15. From on or about July 8, 2020, to on or about March 17, 2021, in Monroe County, within the Middle District of Pennsylvania, and elsewhere, the defendant,

JULIAN J. LEVONS,

knowingly and unlawfully combined, conspired, confederated and agreed together and with other persons known to the Grand Jury, to knowingly devise, and intend to devise, a scheme and artifice to defraud the SBA, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing the scheme and artifice to defraud, and attempting to do so, transmitted and caused to be transmitted by means of wire communication in interstate commerce writings, signs, signals, pictures

and sounds, in violation of Title 18, United States Code, Section 1343.

## IV.   Manner and Means of the Scheme

It was part of the conspiracy and scheme and artifice to defraud that JULIAN J. LEVONS and his coconspirators employed the following manner and means:

### A.   Levons Rental EIDL

16.   On or about July 8, 2020, JULIAN J. LEVONS and his coconspirator submitted and caused to be submitted to the SBA an EIDL loan application for Levons Rental that contained material misrepresentations, by use of the internet and interstate wires. The misrepresentations included the statements that Levons Rental had a gross revenue of $350,000, and a cost of goods of $20,000, when in fact it did not.

17.   On or about July 13, 2020, JULIAN J. LEVONS and his coconspirator deposited and caused to be deposited approximately $149,900 in EIDL funds issued by the SBA, by use of interstate wires, as a result of the EIDL application submitted for Levons Rental, credited to a checking account in the name of JULIAN J. LEVONS and Tanya Levons at Bank #1.

18.     On or about July 17, 2020, JULIAN J. LEVONS and his coconspirator transferred and caused to be transferred approximately $15,136.88 of EIDL funds, by use of interstate wires, from the checking account in the name of JULIAN J. LEVONS and Tanya Levons at Bank #1, to pay down a line of credit at Bank #1 held in the name of JULIAN J. LEVONS and Tanya Levons, which bore an interest rate of approximately 15.90%.

19.     On or about July 21, 2020, JULIAN J. LEVONS and his coconspirator transferred and caused to be transferred approximately $44,666.55 of EIDL funds, by use of interstate wires, from the checking account in the name of JULIAN J. LEVONS and Tanya Levons at Bank #1, to Bank #3, to pay down a deed of trust, *i.e.*, mortgage, issued to JULIAN J. LEVONS, for a property located at 1508 Beachview Drive in Ocean Springs, Mississippi, which bore an interest rate of approximately 6.5%.

20.     Between on or about July 13, 2020 and on or about March 17, 2021, JULIAN J. LEVONS and his coconspirator used and caused to be used EIDL funds issued by the SBA to Levons Rental, for personal expenses.

7

## B. Branch Property EIDL

21. On or about July 10, 2020, JULIAN J. LEVONS and his coconspirator submitted and caused to be submitted to the SBA an EIDL loan application for Branch Property that contained material misrepresentations, by use of the internet and interstate wires. The misrepresentations included the statements that Branch Property had an annual gross revenue of $350,000, and a cost of goods of $20,000, when in fact it did not.

22. On or about July 14, 2020, JULIAN J. LEVONS and his coconspirator deposited and caused to be deposited approximately $149,900 in EIDL funds issued by the SBA, by use of interstate wires, as a result of the EIDL application submitted for Branch Property, credited to a checking account in the name of Tanya Levons at Bank #1.

23. On or about July 24, 2020, JULIAN J. LEVONS and his coconspirator transferred and caused to be transferred approximately $150,000, by use of interstate wires, from the checking account in the name of Tanya Levons at Bank #1, to a checking account in the name of Tanya Levons at Bank #2.

### C.     Corporation #1 EIDL

24.    On or about July 10, 2020, JULIAN J. LEVONS and his coconspirators submitted and caused to be submitted to the SBA an EIDL loan application for Corporation #1 that contained material misrepresentations, by use of the internet and interstate wires. The misrepresentations included the statements that Corporation #1 had an annual gross revenue of $350,000, and a cost of goods of $20,000, when in fact it did not.

All in violation of Title 18, United States Code, Section 1349.

THE GRAND JURY FURTHER CHARGES:

## COUNTS 2 THROUGH 6
### Wire Fraud
### 18 U.S.C. § 1343

25. The factual allegations in paragraphs 1 through 13 and 16 through 24 are incorporated here.

26. From on or about July 8, 2020, to on or about March 17, 2021, in Monroe County, within the Middle District of Pennsylvania, and elsewhere, the defendant,

JULIAN J. LEVONS,

aiding and abetting others and aided and abetted by others, having devised and intended to devise the above-described scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the above-described scheme and artifice to defraud, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the following writings, signs, signals, pictures, and sounds, with each being a separate count:

| Count | Approximate Date of Wire | Description |
|---|---|---|
| 2 | July 8, 2020 | EIDL application sent by the internet and interstate wires to the SBA, for Levons Rental, |

| | | containing material misrepresentations, including that Levons Rental had a gross revenue of $350,000, and a cost of goods of $20,000, when in fact it did not. |
|---|---|---|
| 3 | July 10, 2020 | EIDL application sent by the internet and interstate wires to the SBA, for Branch Property, containing material misrepresentations, including that Branch Property had a gross revenue of $350,000, and a cost of goods of $20,000, when in fact it did not. |
| 4 | July 13, 2020 | EIDL application sent by the internet and interstate wires to the SBA, for Company #1, containing material misrepresentations, including that Company #1 had a gross revenue of $350,000, and a cost of goods of $20,000, when in fact it did not. |
| 5 | July 21, 2020 | Phone call from Pennsylvania to Bank #1 in Virginia, to initiate a wire transfer request of $44,666.55 from the checking account in the name of JULIAN J. LEVONS and Tanya Levons at Bank #1, to Bank #3, to pay down a deed of trust issued to JULIAN J. LEVONS, for a property located at 1508 Beachview Drive in Ocean Springs, Mississippi. |
| 6 | July 24, 2020 | Phone call from Pennsylvania to Bank #1 in Virginia, to initiate a wire transfer request of $150,000 from the checking account in the name of Tanya Levons at Bank #1, to a checking account in the name of Tanya Levons at Bank #2. |

In violation of Title 18, United States Code, Sections 1343, 1349, and 2.

THE GRAND JURY FURTHER CHARGES:

## COUNT 7
## Money Laundering Conspiracy
## 18 U.S.C. § 1956(h)

27. The factual allegations of paragraphs 1 through 13, and 16 through 23 are incorporated here.

28. From on or about July 13, 2020, to on or about July 24, 2020, in Monroe County, within the Middle District of Pennsylvania, and elsewhere, the defendant,

### JULIAN J. LEVONS,

did knowingly combine, conspire, confederate and agree with another person known to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1957, namely, to knowingly engage and attempt to engage, in monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, all in violation of Title 18, United States Code, Section 1957.

## Manner and Means

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

29. JULIAN J. LEVONS and his coconspirator, aiding and abetting each other, transferred and deposited, and caused to be transferred and deposited, criminally derived property of a value greater than $10,000 from the checking account in the name of JULIAN J. LEVONS and Tanya Levons at Bank #1, to a line of credit at Bank #1 held in the name of JULIAN J. LEVONS and Tanya Levons.

30. JULIAN J. LEVONS and his coconspirator, aiding and abetting each other, transferred and deposited, and caused to be transferred and deposited, criminally derived property of a value greater than $10,000 from the checking account in the name of JULIAN J. LEVONS and Tanya Levons at Bank #1, to Bank #3.

31. JULIAN J. LEVONS and his coconspirator, aiding and abetting each other, transferred and deposited, and caused to be transferred and deposited, criminally derived property of a value greater than $10,000 from the checking account in the name of Tanya Levons at Bank #1, to a checking account in the name of Tanya Levons at Bank #2.

All in violation of Title 18, United States Code, Section 1956(h).

**THE GRAND JURY FURTHER CHARGES:**

COUNTS 8 THROUGH 10
Unlawful Monetary Transactions
18 U.S.C. § 1957

32.  The factual allegations of paragraphs 1 through 13, and 16 through 23 are incorporated here.

33.  On or about the dates set forth below, in Monroe County, within the Middle District of Pennsylvania, and elsewhere, the defendant,

JULIAN J. LEVONS,

aiding and abetting others and aided and abetted by others, did knowingly engage in the following monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, the withdrawal, transfer, and exchange of U.S. currency and funds, such property having been derived from a specified unlawful activity, namely, wire fraud, in violation of Title 18, United States Code, Section 1343, with each transfer set forth below a separate count:

| Count | Approximate Date | Financial Transaction |
|---|---|---|
| 8 | July 17, 2020 | Wire transfer of $15,136.88 from the checking account in the name of JULIAN J. LEVONS and Tanya Levons at Bank #1, to a line of credit at Bank #1 held in the name of JULIAN J. LEVONS and Tanya Levons. |
| 9 | July 21, 2020 | Wire transfer of $44,666.55 from the checking account in the name of JULIAN J. LEVONS and Tanya Levons at Bank #1, to Bank #3, to pay down a deed of trust issued to JULIAN J. LEVONS, for a property located at 1508 Beachview Drive in Ocean Springs, Mississippi. |
| 10 | July 24, 2020 | Wire transfer of $150,000 from the checking account in the name of Tanya Levons at Bank #1, to a checking account in the name of Tanya Levons at Bank #2. |

All in violation of Title 18, United States Code, Sections 1957 and 2.

## FORFEITURE ALLEGATION

34. The allegations contained in Counts 1 through 10 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461, and Title 18, United States Code, Section 982.

35. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1343, 1349, 1956(h), and 1957, the defendant,

JULIAN J. LEVONS,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982, any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses, including but not limited to:

    a. Approximately $299,800 in U.S. currency;

    b. $60,106.99 in funds seized from the checking account in the name of JULIAN J. LEVONS and Tanya Levons at

> Bank #1, ending in -7702, on or about March 17, 2021;
>
> c. $149,900 in funds seized from the checking account in the name of Tanya Levons at Bank #2, ending in -8889, on or about March 17, 2021; and
>
> d. the real property located at 1508 Beachview Drive, Ocean Springs, Mississippi.

36. If any of the property described above, as a result of any act or omission of the defendant:

> a. cannot be located upon the exercise of due diligence;
>
> b. has been transferred or sold to, or deposited with, a third party;
>
> c. has been placed beyond the jurisdiction of the court;
>
> d. has been substantially diminished in value; or
>
> e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 18, United

States Code, Section 982.

TRUE BILL

~~[redacted]~~

Date: 11-2⊘-21

BRUCE D. BRANDLER
Acting United States Attorney

By: _[signature]_

PHILLIP J. CARABALLO
Assistant United States Attorney