UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. |
| | : | |
| v. | : | |
| | : | |
| **JULIAN J. LEVONS**, | : | (electronically filed) |
| Defendant | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered by the United States

Attorney for the Middle District of Pennsylvania and the above-

captioned defendant.  Any reference to the United States or to the

Government in this Agreement shall mean the Office of the United

States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1.  Guilty plea.  The defendant agrees to plead guilty to:

    a.  Count 2 of the Indictment, which charges the defendant

        with a violation of Title 18, United States Code, § 1343, wire

        fraud.  The maximum penalty for that offense is

        imprisonment for a period of 20 years, a fine of $250,000, a

        maximum term of supervised release of three years, which

        shall be served at the conclusion of, and in addition to, any

term of imprisonment, as well as the costs of prosecution,
imprisonment, probation, or supervised release ordered,
denial of certain federal benefits, and an assessment in the
amount of $100.

b.  Count 8 of the Indictment, which charges the defendant
with a violation of Title 18, United States Code, § 1957,
unlawful monetary transactions.  The maximum penalty for
that offense is imprisonment for a period of 10 years, a fine
of $250,000 or twice the amount of the criminally derived
property, a maximum term of supervised release of three
years, which shall be served at the conclusion of, and in
addition to, any term of imprisonment, as well as the costs
of prosecution, imprisonment, probation, or supervised
release ordered, denial of certain federal benefits, and an
assessment in the amount of $100.

At the time the guilty plea is entered, the defendant shall admit
to the Court that the defendant is, in fact, guilty of the offenses
charged in each count.  After sentencing, the United States will

2

move for dismissal of any remaining counts of the Indictment. The defendant agrees, however, that the United States may, at its sole election, reinstate any dismissed charges, or seek additional charges, in the event that any guilty plea entered or sentence imposed pursuant to this Agreement is subsequently vacated, set aside, or invalidated by any court.  The defendant further agrees to waive any defenses to reinstatement of any charges, or to the filing of additional charges, based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground.  The calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Agreement, until either (a) the defendant pleads guilty; or (b) a new date is set by the Court for commencement of trial.

2. _Venue Waiver_.  The defendant agrees to knowingly waive the right to challenge venue over the charged offense in the United States District Court for the Middle District of Pennsylvania.

3.   <u>Term of Supervised Release</u>.  The defendant understands that

the Court may impose a term of supervised release following

any sentence of imprisonment exceeding one year, or when

required by statute.  The Court may require a term of

supervised release in any other case.  In addition, the defendant

understands that as a condition of any term of supervised

release or probation, the Court must order that the defendant

cooperate in the collection of a DNA sample if the collection of a

sample is so authorized by law.

4.   <u>Maximum Sentence – Multiple Counts</u>.  The defendant

understands that the total, maximum possible sentence for all

charges is the combination of penalties described above; that is,

30 years in prison and fines totaling $500,000, three years of

supervised release, the costs of prosecution, denial of certain

federal benefits and an assessment totaling $200.

5.   <u>No Further Prosecution, Except Tax Charges</u>.  The United

States Attorney's Office for the Middle District of Pennsylvania

agrees that it will not bring any other criminal charges against

4

the defendant directly arising out of the defendant's

involvement in the offense described above.  However, nothing

in this Agreement will limit prosecution for criminal tax

charges, if any, arising out of those offenses.

B.  <u>Fines and Assessments</u>

6.  <u>Fine</u>.  The defendant understands that the Court may impose a

fine pursuant to the Sentencing Reform Act of 1984.  The willful

failure to pay any fine imposed by the Court, in full, may be

considered a breach of this Plea Agreement.  Further, the

defendant acknowledges that willful failure to pay the fine may

subject the defendant to additional criminal violations and civil

penalties pursuant to Title 18, United States Code, § 3611, et

seq.

7.  <u>Alternative Fine</u>.  The defendant understands that under the

alternative fine section of Title 18, United States Code, § 3571,

the maximum fine quoted above may be increased if the Court

finds that any person derived pecuniary gain or suffered

pecuniary loss from the offense and that the maximum fine to

5

be imposed, if the Court elects to proceed in this fashion, could

be twice the amount of the gross gain or twice the amount of the

gross loss resulting from the offense.

8. <u>Inmate Financial Responsibility Program</u>.  If the Court orders a

fine or restitution as part of the defendant's sentence, and the

sentence includes a term of imprisonment, the defendant agrees

to voluntarily enter the United States Bureau of Prisons-

administered program known as the Inmate Financial

Responsibility Program, through which the Bureau of Prisons

will collect up to 50% of the defendant's prison salary, and up to

50% of the balance of the defendant's inmate account, and apply

that amount on the defendant's behalf to the payment of the

outstanding fine and restitution orders.

9. <u>Special Assessment</u>.  The defendant understands that the Court

will impose a special assessment of $200, pursuant to the

provisions of Title 18, United States Code, § 3013.  No later

than the date of sentencing, the defendant or defendant's

counsel shall mail a check in payment of the special assessment

directly to the Clerk, United States District Court, Middle

District of Pennsylvania.  If the defendant intentionally fails to

make this payment, that failure may be treated as a breach of

this Plea Agreement and may result in further prosecution, the

filing of additional criminal charges, or a contempt citation.

10. <u>Collection of Financial Obligations</u>.  In order to facilitate the

collection of financial obligations imposed in connection with

this case, the defendant consents and agrees:

a.   to fully disclose all assets in which the defendant has an

interest or over which the defendant has control, directly or

indirectly, including those held by a spouse, nominee, or

other third party;

b.   to submit to interviews by the Government regarding the

defendant's financial status;

c.   to submit a complete, accurate, and truthful financial

statement, on the form provided by the Government, to the

United States Attorney's Office no later than 14 days

following entry of the guilty plea;

7

    d.   whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any prohibition against communication with a represented party by the Government regarding the defendant's financial status;

    e.   to authorize the Government to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the Court; and

    f.   to submit any financial information requested by the Probation Office as directed, and to the sharing of financial information between the Government and the Probation Office.

## C. <u>Sentencing Guidelines Calculation</u>

11. <u>Determination of Sentencing Guidelines.</u>  The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines, which took effect on November 1, 1987, and its amendments (the "Sentencing Guidelines"), will apply to the offense or offenses to which the defendant is pleading guilty.

The defendant understands that the Sentencing Guidelines are advisory and not binding on the Court. The defendant further agrees that any legal and factual issues relating to the application of the Sentencing Guidelines to the defendant's conduct, including facts to support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the Court after briefing, a pre-sentence hearing, or a sentencing hearing.

12. <u>Acceptance of Responsibility– Two Levels</u>. The parties defer to the Court on whether the defendant has adequately demonstrated an affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines. The defendant understands that Government will not recommend that the defendant receive a third level reduction under U.S.S.G. § 3E1.1. The failure of the Court to find that the defendant is entitled to a reduction shall not be a basis to void this Agreement.

9

**D.  Sentencing Recommendation**

13. Appropriate Sentence Recommendation.  At the time of
    sentencing, the United States may make a recommendation
    that it considers appropriate based upon the nature and
    circumstances of the case and the defendant's participation in
    the offense, and specifically reserves the right to recommend a
    sentence up to and including the maximum sentence of
    imprisonment and fine allowable, together with the cost of
    prosecution.

14. Special Conditions of Probation/Supervised Release.  If
    probation or a term of supervised release is ordered, the United
    States may recommend that the Court impose one or more
    special conditions, including but not limited to the following:

    a. The defendant be prohibited from possessing a firearm or
       other dangerous weapon.

    b. The defendant make restitution, if applicable, the payment
       of which shall be in accordance with a schedule to be
       determined by the Court.

10

c.  The defendant pay any fine imposed in accordance with a schedule to be determined by the Court.

d.  The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

e.  The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

f.  The defendant be confined in a community treatment center, halfway house, or similar facility.

g.  The defendant be placed under home confinement.

h.  The defendant be ordered to perform community service.

i.  The defendant be restricted from working in certain types of occupations or with certain individuals, if the Government deems such restrictions to be appropriate.

j.   The defendant be directed to attend substance abuse counseling, which may include testing to determine whether the defendant is using drugs or alcohol.

k.   The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

l.   The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

m.   The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

## E.   Forfeiture of Assets

15. <u>Forfeiture</u>.  The present Indictment seeks forfeiture of the defendant's interests in certain assets.  In the event the United States seeks to forfeit those assets through a civil proceeding, the defendant understands that dismissal of the criminal forfeiture allegation in no way limits the United States from proceeding civilly against any assets owned or held by the

defendant or any other party.  Defendant agrees to settle any
civil and criminal forfeiture matters arising out of the offense of
conviction and its relevant conduct.  The defendant agrees that
the defendant's property constitutes proceeds of, is derived from
proceeds traceable to, or was used in any manner or part to
commit or facilitate the commission of the offense of conviction
and its relevant conduct.  Defendant further agrees to the
following:

a.   Forfeiture of all properties and any interest in properties,
     real and personal, listed in the Forfeiture Allegation of the
     Indictment, including:

     i.   **Approximately $60,106.99 seized from Navy Federal
          Credit Union account number 1113167702, on or about
          March 17, 2020; and**

     ii.  **Approximately $149,900 seized from USAA Federal
          Savings Bank account number 165498889, on or about
          March 17, 2020.**

b.   Immediate entry of the preliminary order of forfeiture or the filing of a civil complaint by the United States, pursuant to Title 18, United States Code, § 981;

c.   Waiver of the right to personal service of all process and naming of Bernard Brown, Esq. as agent for service of all process;

d.   Waiver of the right to appear and contest any portion of the forfeiture proceedings, including but not limited to, any motion or proceeding for substitute assets;

e.   The filing and entry of a consent decree of forfeiture;

f.   Disclosure, no later than upon signing this Agreement, of all persons and entities holding an equitable or legal interest in the property, real or personal, subject to forfeiture pursuant to this Agreement;

g.   Concurrence in any motion necessary to be filed and signing any documents necessary to effectuate forfeiture;

14

h.  Payment of costs associated with the seizure, storage, and maintenance of any asset being returned to the defendant as a result of this Agreement;

i.  In the event any assets are being returned to the defendant, such return does not amount to having "substantially prevailed" in the pursuit of any claim, and to make no claim against the United States or any of its agencies or employees, including claims for attorney's fees and costs of litigation;

j.  Waiver of any double jeopardy challenges the defendant may have to any administrative or civil forfeiture actions, pending or completed, arising out of the course of conduct forming the basis for the forfeitures; and

k.  Waiver of all constitutional, legal, and equitable claims arising out of and defenses to the forfeiture of this property in any proceeding, including any claim of innocent ownership and any claim or defense under the Eighth Amendment, including any claim of excessive fine.

15

16. <u>Disclosure of Assets</u>.  This Agreement is entered by the United States on the basis of the express representation that the defendant is making full and complete disclosure of all assets over which the defendant exercises control.  The defendant agrees to submit to a polygraph examination by an examiner selected by the Government to verify the defendant's complete and candid compliance with this provision of the Agreement.  The defendant also understands that a failure to make a full disclosure or lack of candor revealed by a polygraph examination would constitute a breach of this Agreement, subjecting the defendant to the sanctions set forth in this Agreement.  Conditioned upon such full disclosure, the United States agrees not to seek the seizure/forfeiture of any of the defendant's assets other than those set forth in this Agreement.

17. <u>No Further Forfeiture</u>.  As the result of the forfeitures set forth above, the United States agrees not to seek forfeiture of any other asset known to the United States by defendant's disclosure to belong to the defendant or the defendant's family.

16

This Agreement does not prevent the IRS from the collection of taxes or the seizure of assets to satisfy those taxes.

18. Forfeiture of Interests/Passage of Clear Title/Destruction Order. By this Agreement, the defendant agrees to forfeit all interests in the assets set forth above and to take whatever steps are necessary to pass clear title of those assets to the United States. These steps include but are not limited to surrender of title; signing of a consent decree; stipulating to facts regarding the transfer and basis for the forfeitures; and concurrence in any motion and signing any document necessary to effectuate such transfers.

19. Destruction Order/Waivers. The defendant further agrees, should the United States deem it appropriate, to the destruction of the items seized during the course of the investigation. The defendant agrees that the items may be destroyed by the investigative agency with or without a court order authorizing the destruction of the items seized. If the United States determines that a destruction order should be obtained, the

17

defendant and defendant's counsel hereby concur in a motion for

such an order.  The defendant further agrees to waive all

interest in the assets in any administrative or judicial forfeiture

proceeding, whether criminal or civil, state or federal.  The

defendant consents and waives all rights to compliance by the

United States with any applicable deadlines under 18 U.S.C. §

983(a).  Any related administrative claim filed by the defendant

is hereby withdrawn.  The defendant agrees to consent to the

entry of orders of forfeiture for such property and waives the

requirements of Federal Rules of Criminal Procedure 32.2 and

43(a) regarding notice of the forfeiture in the charging

instrument, announcement of the forfeiture at sentencing, and

incorporation of forfeiture in the judgment.

F.  <u>Victims' Rights and Restitution</u>

20.  <u>Victims' Rights</u>.  The defendant understands that pursuant to

the Victim and Witness Protection Act, the Crime Victims'

Rights Act, the Justice for All Act, and the regulations

promulgated under those Acts by the Attorney General of the United States, crime victims have the following rights:

a.   The right to be reasonably protected from the accused;

b.   The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding involving the crime, or of any release or escape of the accused;

c.   The right not to be excluded from any such public court proceeding, unless the Court, after receiving clear and convincing evidence, determines that testimony by the victim would be altered materially if the victim heard other testimony at that proceeding;

d.   The right to be reasonably heard at any public hearing in the Court involving release, plea, sentencing, or any parole proceeding.  The defendant understands that the victims' comments and recommendations at any of these proceedings may be different than those of the parties to this Agreement;

e.  The reasonable right to confer with the attorney for the
    Government in the case.  The defendant understands that
    the victims' opinions and recommendations given to the
    attorney for the Government may be different than those
    presented by the United States as a consequence of this
    Agreement;

f.  The right to full and timely restitution as provided for by
    law.  The attorney for the Government is required to "fully
    advocate the rights of victims on the issue of restitution
    unless such advocacy would unduly prolong or complicate
    the sentencing proceeding," and the Court is authorized to
    order restitution by the defendant including, but not limited
    to, restitution for property loss, economic loss, personal
    injury, or death;

g.  The right to proceedings free from unreasonable delay; and

h.  The right to be treated with fairness and with respect for
    the victim's dignity and privacy.

20

21. <u>Restitution</u>.  The defendant acknowledges that, pursuant to the

   Mandatory Restitution Act of April 24, 1996, Title 18, United

   States Code, § 3663A, the Court is required in all instances to

   order full restitution to all victims for the losses those victims

   have suffered as a result of the defendant's conduct.  The

   defendant also agrees that the Government will seek and the

   Court may impose an order of restitution as to victims of the

   defendant's relevant conduct.  With respect to the payment of

   restitution, the defendant further agrees that, as part of the

   sentence in this matter, the defendant shall be responsible for

   making payment of restitution in full, unless the defendant can

   demonstrate to the satisfaction of the Court that the defendant's

   economic circumstances do not allow for the payment of full

   restitution in the foreseeable future, in which case the

   defendant will be required to make partial restitution

   payments.  In addition to the schedule of payments that may be

   established by the Court, the defendant understands and agrees

   that, pursuant to the Mandatory Victims Restitution Act of

1996 and the Justice For All Act of 2004, victims of federal crimes are entitled to full and timely restitution.  As such, these payments do not preclude the Government from using other assets or income of the defendant to satisfy the restitution obligation.  The defendant understands and agrees that the United States Attorney's Office, by and through the Financial Litigation Unit, has the obligation and the right to pursue any legal means, including but not limited to, submission of the debt to the Treasury Offset Program, to collect the full amount of restitution owed to the victims in a timely fashion.  Although the defendant may reserve the right to contest the amount of restitution owed, the defendant agrees to take all steps to facilitate collection of all restitution, including submitting to debtor's exams as directed by the Government.  Towards this goal, the defendant agrees to waive any further notice of forfeiture and agrees that the United States may, at its sole election, elect to pursue civil or criminal forfeiture in the amount of the victim restitution owed in this case, and the

Court may enter both a restitution order and a forfeiture
judgment in the amount of any unpaid restitution found by the
Court to be due and owing at the time of sentencing in this
matter.  The defendant consents to the filing of any civil
complaint or superseding information which may be necessary
to perfect a forfeiture order and further stipulates and agrees
that the defendant's guilty plea constitutes an admission to all
matters legally and factually necessary for entry of a forfeiture
order in this case.  The parties agree that the Government will
recommend, but cannot guarantee, that any assets recovered
through forfeiture proceedings be remitted to crime victims to
reduce the defendant's restitution obligation in this case.  The
defendant acknowledges that the making of any payments does
not preclude the Government from using other assets or income
of the defendant to satisfy the restitution obligation.  The
defendant understands that the amount of restitution
calculated for purposes of Chapter 5 of the Sentencing

Guidelines might be different from the amount of loss calculated

for purposes of Chapter 2 of the Sentencing Guidelines.

22. <u>Full Restitution</u>.  The defendant agrees to make full restitution

in the amount of **$89,993**, in accordance with a schedule to be

determined by the Court.  The defendant also agrees that full

restitution shall be a condition of any probation or term of

supervised release that the defendant receives.

## G.  <u>Information Provided to Court and Probation Office</u>

23. <u>Background Information for Probation Office</u>.  The defendant

understands that the United States will provide to the United

States Probation Office all information in its possession that the

United States deems relevant regarding the defendant's

background, character, cooperation, if any, and involvement in

this or other offenses.

24. <u>Objections to Pre-Sentence Report</u>.  The defendant understands

that pursuant to the United States District Court for the Middle

District of Pennsylvania's "Policy for Guideline Sentencing,"

both the United States and defendant must communicate to the

24

Probation Officer within 14 days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, applicable Sentencing Guidelines ranges, and policy statements contained in or omitted from the report.  The defendant agrees to meet with the United States at least five days prior to sentencing in a good faith attempt to resolve any substantive differences.  If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report.  The defendant agrees that unresolved substantive objections will be decided by the Court after briefing, a pre-sentence hearing, or at the sentencing hearing, where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the Court may consider any reliable evidence, including hearsay.  Objections by the defendant to the pre-

sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

25. <u>Relevant Sentencing Information</u>. At sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information about the defendant's background, character and conduct, including the conduct that is the subject of the charges that the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

26. <u>Non-Limitation on Government's Response</u>. Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant. Nor does this Agreement in any way restrict the Government in responding to any request by the Court for briefing, argument or presentation of evidence

26

regarding the application of Sentencing Guidelines to the

defendant's conduct, including but not limited to, requests for

information concerning possible sentencing departures.

## H. Court Not Bound by Plea Agreement

27. Court Not Bound by Terms. The defendant understands that

the Court is not a party to and is not bound by this Agreement,

or by any recommendations made by the parties. Thus, the

Court is free to impose upon the defendant any sentence up to

and including the maximum sentence of imprisonment for 2̶0̶ 30

years, a fine of $2̶5̶0̶,̶000 500,000, a maximum term of supervised release

of up to three years, which shall be served at the conclusion of

and in addition to any term of imprisonment, the costs of

prosecution, denial of certain federal benefits, and assessments

totaling $1̶00 200.

28. No Withdrawal of Plea Based on Sentence or Recommendations.

If the Court imposes a sentence with which the defendant is

dissatisfied, the defendant will not be permitted to withdraw

any guilty plea for that reason alone, nor will the defendant be

permitted to withdraw any guilty plea should the Court decline to follow any recommendations by any of the parties to this Agreement.

## I.   Breach of Plea Agreement by Defendant

29. Breach of Agreement.  In the event the United States believes the defendant has failed to fulfill any obligation under this Agreement, then the United States shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations under this Agreement.  Whether the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the Court in an appropriate proceeding, during which any disclosures and documents provided by the defendant shall be admissible, and during which the United States shall be required to establish any breach by a preponderance of the evidence.  In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement, if any.

30. <u>Remedies for Breach</u>.  The defendant and the United States

   agree that in the event the Court concludes that the defendant

   has breached the Agreement:

   a.   The defendant will not be permitted to withdraw any guilty

        plea tendered under this Agreement and agrees not to

        petition for withdrawal of any guilty plea;

   b.   The United States will be free to make any

        recommendations to the Court regarding sentencing in this

        case;

   c.   Any evidence or statements made by the defendant during

        the cooperation phase of this Agreement, if any, will be

        admissible at any trials or sentencings;

   d.   The United States will be free to bring any other charges it

        has against the defendant, including any charges originally

        brought against the defendant or which may have been

        under investigation at the time of the plea.  The defendant

        waives and hereby agrees not to raise any defense to the

        reinstatement of these charges based upon collateral

29

estoppel, Double Jeopardy, statute of limitations, assertion

of Speedy Trial rights, or other similar grounds.

31. <u>Violation of Law While Plea or Sentence Pending</u>.  The

defendant understands that it is a condition of this Agreement

that the defendant refrain from any further violations of state,

local, or federal law while awaiting plea and sentencing.  The

defendant acknowledges and agrees that if the Government

receives information that the defendant has committed new

crimes while awaiting plea or sentencing in this case, the

Government may petition the Court and, if the Court finds by a

preponderance of the evidence that the defendant has

committed any other criminal offense while awaiting plea or

sentencing, the Government shall be free at its sole election to

either:  (a) withdraw from this Agreement; or (b) make any

sentencing recommendations to the Court that it deems

appropriate.  The defendant further understands and agrees

that, if the Court finds that the defendant has committed any

other offense while awaiting plea or sentencing, the defendant

30

will not be permitted to withdraw any guilty pleas tendered
pursuant to this Agreement, and the government will be
permitted to bring any additional charges that it may have
against the defendant.

## J.   Deportation

32. Deportation/Removal from the United States.  The defendant
understands that, if defendant is not a United States citizen,
deportation/removal from the United States is a consequence of
this plea.  The defendant further agrees that this matter has
been discussed with counsel who has explained the immigration
consequences of this plea.  The defendant still desires to enter
into this plea after having been so advised.

## K.   Appeal Waiver

33. Appeal Waiver – Direct.  The defendant is aware that Title 28,
United States Code, § 1291 affords a defendant the right to
appeal a judgment of conviction and sentence; and that Title 18,
United States Code, § 3742(a) affords a defendant the right to
appeal the sentence imposed.  Acknowledging all of this, the

defendant knowingly waives the right to appeal the conviction and sentence. This waiver includes any and all possible grounds for appeal, whether constitutional or non-constitutional, including, but not limited to, the manner in which that sentence was determined in light of *United States v. Booker*, 543 U.S. 220 (2005). The defendant further acknowledges that this appeal waiver is binding only upon the defendant and that the United States retains its right to appeal in this case.

34. <u>Collateral Appeal Waiver.</u> The defendant acknowledges, understands and agrees that, by pleading guilty pursuant to this Agreement, the defendant voluntarily and knowingly waives the right to collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, including but not limited to a motion to vacate judgment under Title 28, United States Code, Section 2255; a petition for a writ of habeas corpus under Title 28, United States Code, Section 2241; or any other motion or writ seeking

32

collateral relief.  However, no provision of this agreement shall

preclude the defendant from pursuing in an appropriate forum

any appeal, collateral attack, writ, or motion claiming that the

defendant received constitutionally ineffective assistance of

counsel.  In the event the defendant raises a claim of ineffective

assistance of counsel, the defendant hereby agrees (a) that the

Government retains its right to oppose any such claim on

procedural or substantive grounds; and (b) that counsel for the

United States may confer with any of the defendant's prior

counsel whose performance is attacked in such a claim, for

purposes of preparing any response or for any hearing

necessitated by the filing of such a claim.

35. <u>Appeal Waiver Breach.</u>  The defendant acknowledges that

pursuing a direct appeal or any collateral attack waived in the

preceding paragraph(s) may constitute a breach of this

Agreement. The Government agrees that the mere filing of a

notice of appeal is not a breach of the Agreement. The

Government may declare a breach only after the defendant or

the defendant's counsel thereafter states, either orally or in writing, a determination to proceed with an appeal or collateral attack raising an issue the Government deems barred by the waiver. The parties acknowledge that the pursuit of an appeal or any collateral attack constitutes a breach only if a court determines that the appeal or collateral attack does not present an issue that a judge may reasonably conclude is permitted by an exception to the waiver stated in the preceding paragraph(s) or constitutes a "miscarriage of justice" as that term is defined in applicable law.

## L. Other Provisions

36. <u>Agreement Not Binding on Other Agencies</u>. Nothing in this Agreement shall bind any other United States Attorney's Office, state prosecutor's office, or federal, state or local law enforcement agency.

37. <u>No Civil Claims or Suits</u>. The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently

34

known to the defendant, arising out of the investigation,

prosecution or cooperation, if any, covered by this Agreement,

including but not limited to any claims for attorney's fees and

other litigation expenses arising out of the investigation and

prosecution of this matter.  By the defendant's guilty plea in

this matter the defendant further acknowledges that the

Government's position in this litigation was taken in good faith,

had a substantial basis in law and fact and was not vexatious.

38. <u>Plea Agreement Serves Ends of Justice</u>.  The United States is

entering this Agreement with the defendant because this

disposition of the matter fairly and adequately addresses the

gravity of the offense(s) from which the charge(s) is/are drawn,

as well as the defendant's role in such offense(s), thereby

serving the ends of justice.

39. <u>Merger of All Prior Negotiations</u>.  This document states the

complete and only Agreement between the United States

Attorney for the Middle District of Pennsylvania and the

defendant in this case, and is binding only on the parties to this

35

Agreement and supersedes all prior understandings or plea

offers, including the plea agreements provided to former counsel

on or about September 15, 2021 and current counsel on or about

December 23, 2021, whether written or oral.  The defendant

agrees that he and former counsel have discussed the rejected

plea offer stated above as well as this Agreement.  This

agreement cannot be modified other than in writing that is

signed by all parties or on the record in court.  No other

promises or inducements have been or will be made to the

defendant in connection with this case, nor have any predictions

or threats been made in connection with this plea.  Pursuant to

Rule 11 of the Federal Rules of Criminal Procedure, the

defendant certifies that the defendant's plea is knowing and

voluntary, and is not the result of force or threats or promises

apart from those promises set forth in this Agreement.

40. <u>Defendant is Satisfied with Assistance *of Counse*l</u>. The

Defendant agrees that the defendant has discussed this case

and this Agreement in detail with the defendant's attorney, who

36

has advised the defendant of the defendant's Constitutional and other trial and appellate rights, the nature of the charges, the elements of the offenses the United States would have to prove at trial, the evidence the United States would present at such trial, possible defenses, the advisory Sentencing Guidelines and other aspects of sentencing, potential losses of civil rights and privileges, and other potential consequences of pleading guilty in this case. The defendant agrees that the defendant is satisfied with the legal services and advice provided to the defendant by the defendant's attorney.

41. Required Signatures.  None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and then signed by the United States Attorney or his designee.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.


06/02/2022
Date

JULIAN J. LEVONS
Defendant


I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.


06/02/2022
Date

BERNARD BROWN, ESQ.
Counsel for Defendant



JOHN C. GURGANUS
United States Attorney


6/2/22
Date

By:

PHILLIP J. CARABALLO
Assistant United States Attorney


AUSA/PCG/2020R00393/June 2, 2022
VERSION DATE:  March 8, 2021

38